IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:19-CV-181-FL

| | | |
|---|---|---|
| TONY C. THOMAS for the Estate of Thalia Dukes | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| LAWRENCE S. CRAIGE, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim (DE 28). The motion has been briefed fully, and in this posture the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action pro se on September 19, 2019, asserting claims against defendant, who was appointed guardian of the estate of plaintiff's mother, Thalia Dukes ("Dukes"), on the basis that defendant violated his Eighth Amendment and Fourteenth Amendment rights, under 42 U.S.C. § 1983, in obtaining a judicial order of sale of Dukes's property. Plaintiff seeks compensatory and punitive damages in excess of $25,000,000.00.

Defendant filed the instant motion to dismiss on February 5, 2020, relying upon filings in state court proceedings in New Hanover County Superior Court captioned In the Matter of the Estate of Thalia Dukes, Incompetent, File No. 14 E 579, 15 SP 184 (Sup. Ct.), comprising orders to sell property, file stamped March 31, 2015, and July 13, 2015; and filings in the same court

captioned In the Matter of Thalia Dukes, by her Son, Mr. Tony C. Thomas v. Lawrence S. Craige, No. 18 CV 003803 (Sup. Ct.) (hereinafter "plaintiff's state court action"), comprising: 1) civil rights complaint, 2) motion for summary judgment, 3) counter motion for hearing, 4) counter motion for summary judgment, 5) notice of hearing, 6) order granting defendant's motion for summary judgment, and 7) notice of appeal.

Plaintiff responded in opposition to the instant motion on February 20, 2020, relying upon additional filings in plaintiff's state court action, comprising: 1) trial scheduling notice, 2) notice of hearing, 3) May 16, 2019, letter from the office of the clerk of the Court of Appeals of North Carolina to plaintiff, and 4) August 22, 2019, letter from the clerk of the Supreme Court of North Carolina to plaintiff. Defendant replied on February 25, 2020.

The court has stayed discovery scheduling activities pending ruling on the instant motion.

## STATEMENT OF THE FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff is a resident of Wilmington, North Carolina. Defendant is an attorney who "was legally appointed Guardian of the Estate of [Dukes] who was declared incompetent by court order." (Compl. (DE 1) at 3). Plaintiff alleges that defendant "presented a document to plaintiff requesting his signature to waive his rights of inheritance [to] property and to [waive] notice of a hearing regarding same." (Id. at 1). Plaintiff allegedly "refused to waive any of his rights, and did not sign the document." (Id.). According to the complaint, "[a]fter learning that [Dukes] was adjudicated incompetent, plaintiff petitioned the court to order her moved from assistant living to his private residence," where plaintiff allegedly "guaranteed he would provide 24 hour nursing care, medications and timely trips to the doctor's office for check ups." (Id. at 1-2).

On March 16, 2016, plaintiff allegedly certified to defendant that "he had an alternative living home for his mother and that draining her bank account and liquidating her property was unnecessary and criminal." (Id. at 2). On March 18, 2016, defendant received the letter and then, according to the complaint, "his actions escalated." (Id.). Plaintiff alleges that the next day, defendant "found a Judge who granted him permission to sell all of [Dukes's] property." (Id.).

According to plaintiff, the sale of Dukes's property "was grossly disproportionate to the gravity of the alleged debt [Dukes] owed the Department of Social Services," and the amount in Dukes's bank account "was more than sufficient to satisfy any debt she may have owed." (Id. at 2). Plaintiff alleges that defendant used his appointment as guardian to deprive plaintiff of his "right to own and enjoy property left to him by his mother." (Id. at 3). Plaintiff alleges that when he notified defendant of "alternative living and nursing care for his mother," defendant "had already entered negotiations with private interest" regarding Dukes's property. (Id. at 3-4).

According to the complaint, plaintiff commenced his state court action against defendant on October 31, 2018 in New Hanover County Superior Court. Defendant presented defenses, including res judicata and collateral estoppel, in an answer filed December 14, 2018. Plaintiff alleges that the state court determined that plaintiff's state court action should proceed to jury trial, but defendant obtained a hearing before a different judge in state court. According to the complaint, a hearing was held in state court with notice of the date, time, and court room number given only to counsel for defendant. "At the conclusion of the hearing, Plaintiff was notified by the clerk that the Judge granted Summary Judgment" to defendant. (Id. at 5). Plaintiff hand delivered a notice of appeal to the clerk of superior court and mailed the notice of appeal to the North Carolina Court of Appeals. Plaintiff also filed a motion for reconsideration in state superior court, which motion allegedly was not acted upon. According to the complaint, plaintiff moved

to have the North Carolina Supreme Court hear the matter, but that court dismissed the matter summarily.

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[ ] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not

consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Defendant moves to dismiss on multiple alternative grounds, including lack of subject matter jurisdiction, res judicata, Rooker-Feldman doctrine, and failure to state a claim. Upon consideration of the grounds raised, the court resolves defendant's motion on the basis of res judicata and failure to state a claim.[1]

1.  Res Judicata

The doctrine of res judicata "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009). For res judicata to prevent a party from raising a claim, three elements must be present: (1) "the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process"; (2) "the parties are identical, or in privity, in the two actions"; (3) "the claims in the second matter are based upon the same cause of action

---

[1] As discussed herein, the court addresses defendant's arguments based upon Rooker-Feldman in the context of the analysis of res judicata. In addition, although defendant asserts lack of subject matter jurisdiction as a basis for dismissal, the court finds that the issues raised concern plaintiff's lack of capacity to sue on behalf of the estate of Dukes, under North Carolina law, rather than Article III standing to pursue a § 1983 action in federal court. See United Supreme Council, 33 Degree v. United Supreme Council of the Ancient Accepted Scottish Rite, 792 F. App'x 249, 255 (4th Cir. 2019) ("[A]n absence of capacity to sue under state law does not by itself deprive a litigant of Article III standing, nor deprive a federal court of jurisdiction."); see, e.g., Spivey v. Godfrey, 258 N.C. 676, 677 (1963) (stating that "the administrator, and not creditors or next of kin, is the proper party to bring an action to collect a debt due the estate or to recover specific personal property"). Because of the res judicata bar and failure to state a claim, the court does not reach the issue of plaintiff's lack of capacity to sue on behalf of the estate of Dukes.

involved in the earlier proceeding"—i.e., the claims "arise out of the same transaction or series of transactions, or the same core of operative facts." Duckett v. Fuller, 819 F.3d 740, 744 (4th Cir. 2016) (internal quotations omitted).

Res judicata bars available claims "regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979). This includes "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). Furthermore, "[f]or purposes of [res judicata], it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996). "The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end." Adkins v. Allstate Insurance Co., 729 F.2d 974, 976 (4th Cir.1984). "These considerations may impose such a requirement even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding." Id.

"For purposes of res judicata, a summary judgment has always been considered a final disposition on the merits." Id. at 976 n.3. "[F]ederal courts asked in a § 1983 action to give res judicata effect (in any of the doctrine's aspects) to a state court judgment are bound . . . to apply the law of the rendering state to determine whether and to what extent the state court judgment should have preclusive effect in the federal action." Davenport v. North Carolina Dept. of Trans., 3 F.3d 89, 92 (4th Cir.1993). Under North Carolina law, "[w]hen a fact has been agreed upon or decided in a court of record, neither of the parties shall be allowed to call it in question, and have

it tried over again at any time thereafter, so long as the judgment or decree stands unreversed." State v. Summers, 351 N.C. 620, 623 (2000).

Here, all the elements of res judicata are met. First, in plaintiff's state court action, a final judgment on the merits was reached when the New Hanover County Superior Court entered summary judgment in favor of defendant on the basis of res judicata. (See Compl. (DE 1) at 5; Answer Ex. 9 (DE 15-10)). Second, the claims raised in the instant action are by the same parties, plaintiff against defendant. (See Compl. (DE 1) at 4; Answer Ex. 3 (DE 15-4)). Third, the instant suit is based on the same cause of action, and "arise[s] out of the same transaction or series of transactions" as the claim resolved by the prior judgment. Duckett, 819 F.3d at 744. Indeed, plaintiff repeats nearly verbatim the factual allegations from plaintiff's state court action. (Compare Compl. (DE 1) at 1-2 with Answer Ex. 3 (DE 15-4) at 1-2).

Plaintiff suggests that res judicata should not apply to bar his claims because the state court allegedly did not give him proper notice of a hearing at which the New Hanover County decided defendant's motion for summary judgment in plaintiff's state court action. (Pl's Opp. (DE 32) at 2; Pl's Mem. (DE 33) at 3). However, plaintiff has filed a copy of the notice of hearing in this case (DE 33-2), and plaintiff asserts that he in fact received such filing prior to the hearing date. (Pl's Opp. (DE 32) at 2; Pl's Mem. (DE 33) at 3). Plaintiff also exhausted appeals of the judgment of the superior court to the North Carolina Court of Appeals and the North Carolina Supreme Court. (Compl. (DE 1) at 3, 5-6). Thus, plaintiff has not demonstrated that the state court proceedings were devoid of the "minimum procedural requirements" of the due process clause required for application of res judicata. Kremer v. Chem. Const. Corp., 456 U.S. 461, 481 (1982); see Duckett, 819 F.3d at 744. Here, the elements of res judicata are met by virtue of plaintiff's own commencement of his state court action, the "opportunity to be heard" in that action, and the final

7

judgment entered therein upon defendant's motion. Richards v. Jefferson Cty., Ala., 517 U.S. 793, 797, n.4 (1996).

Plaintiff's recourse, if he was dissatisfied with the procedures in state court, was with further appeals of the state court judgment, not by commencing another action on the same basis in this court. See, e.g., 28 U.S.C. § 1257(a). Furthermore, to the extent plaintiff is suggesting through his complaint and his opposition to defendant's motion that this court should nullify the outcome of his state court action, on the basis that it was decided improperly against him, then such a claim is barred by the Rooker-Feldman doctrine. That doctrine "simply precludes federal district courts from exercising what would be, in substance, appellate jurisdiction over final state-court judgments." Hulsey v. Cisa, 947 F.3d 246, 250 (4th Cir. 2020). The doctrine applies where "the process for appealing a state court judgment to the Supreme Court under 28 U.S.C. § 1257(a) has been sidetracked by an action filed in district court specifically to review that state court judgment." Id. at 251. Thus, to the extent plaintiff contends he is entitled relief from the final judgment against him, plaintiff's claim is barred by the Rooker-Feldman doctrine.

In sum, the instant action must be dismissed on the basis of res judicata, and in the alternative on the basis of the Rooker-Feldman doctrine.

2. Failure to State a Claim

In addition, and in the alternative, plaintiff's action must be dismissed for failure to state a claim upon which relief can be granted.

Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege . . . that the alleged deprivation was committed by a

8

person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "[T]he party charged with the deprivation must be a person who may fairly be said to be a state actor." Id. at 49.

"[M]erely private conduct, no matter how discriminatory or wrongful, fails to qualify as state action." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). "A private attorney who is retained to represent a [party] is not acting under color of state law, and therefore is not amenable to suit under § 1983." Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976); see Philips, 572 F.3d at 182 (rejecting argument "that inasmuch as the [hospital] Board of Trustees was appointed exclusively by state actors, and the Board terminated his privileges, the Board should be deemed a state actor"); Hall v. Quillen, 631 F.2d 1154, 1154-1156 (4th Cir.1980) (affirming dismissal of action against state-appointed counsel who represented plaintiff in an involuntary commitment proceeding).

Plaintiff's complaint fails to allege facts giving rise to a plausible inference that defendant is a state actor. Here, plaintiff alleges only that defendant "was legally appointed Guardian of the Estate of [Dukes] who was declared incompetent by court order." (Compl. (DE 1) at 3) (emphasis added). He alleges that defendant had "entered negotiations with private interest" regarding disposition of Dukes's property, and that he obtained permission from the court to sell such property. (Id. at 4). These allegations with respect to appointment for purposes of disposition of property of the estate of Dukes do not give rise to an inference of state action, especially where plaintiff is not bringing an action based upon conduct with respect to the person of Dukes. Cf. Thomas S. v. Morrow, 781 F.2d 367, 377-78 (4th Cir. 1986) (finding state action by guardian of incompetent person who "[w]orking with the state hospital and with officials from local agencies, . . . had [plaintiff] admitted to Broughton Hospital and to succeeding placements").

9

Moreover, plaintiff has not alleged sufficiently that defendant should be treated as a state actor on the basis of action in concert with or in conspiracy with the state court or county officials. A private party may be considered a state actor by "conspiring with" a party acting under color of state law. Dennis v. Sparks, 449 U.S. 24, 28 (1980). It is a "weighty burden to establish a civil rights conspiracy." Hinkle v. City of Clarksburg, W.Va., 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must allege facts permitting a reasonable inference that "each member of the alleged conspiracy shared the same conspiratorial objective," in that they "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Id. Here, plaintiff has not alleged facts permitting an inference of a conspiracy between defendant and government officials.

In sum, plaintiff fails to state a claim for a federal constitutional claim under § 1983, where defendant is not a state actor. Therefore, defendant's motion to dismiss must be granted on this additional ground. Where res judicata bars plaintiff's claims and it is unlikely that amendment can cure the deficiencies in plaintiff's complaint, dismissal in this instance is with prejudice.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss is GRANTED. Plaintiff's action is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED, this the 7th day of April, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge